# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAYSON CORDERO-CRUZ,<br><br>Defendants. | INDICTMENT<br><br>CRIMINAL NO. 24-248 (GMM)<br><br>VIOLATIONS:<br><br>46 U.S.C. §§ 70503(a)(1), and 70506(b)<br><br>21 U.S.C. §§ 952(a), 960(a), (b)(1)(B), (b)(3), and 963<br><br>21 U.S.C. §§ 841(a), 960(a), (b)(1)(A)(ii), (b)(1)(C) and 846<br><br>18 U.S.C. § 2237(a)(1)<br><br>18 U.S.C. § 922(g)<br><br>(ELEVEN COUNTS & FORFEITURE ALLEGATIONS) |

**THE GRAND JURY CHARGES:**

## COUNT ONE
### Conspiracy to Possess with Intent to Distribute Controlled Substances Aboard a Vessel Subject to the Jurisdiction of the United States
46 U.S.C. §§ 70503(a)(1) & 70506(b), and 21 U.S.C. §§ 960(b)(1)(B) & (b)(3)

Beginning on a date unknown, but not later than April 11, 2024, and continuing up to and until the return of this Indictment, on the high seas, elsewhere, and within the extraterritorial jurisdiction of this Court,

**JAYSON CORDERO-CRUZ,**

the defendant herein, did knowingly and intentionally combine, conspire, confederate and agree with diverse other persons, known and unknown to the Grand Jury, to commit an offense defined in 46 U.S.C. § 70503(a)(1), that is to knowingly and intentionally possess with intent to distribute

and to distribute in excess of (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance; and a mixture or substance containing a detectable amount of (N-phenyl-N-[1-(2-phenylethyl)-4- piperidinyl] propanamide), a Schedule II Narcotic Drug Controlled Substance aboard a vessel subject to the jurisdiction of the United States. All in violation of 46 U.S.C. §§ 70503(a)(1) & 70506(b), and 21 U.S.C. §§ 960(b)(1)(B), and (b)(3).

## COUNT TWO
### Conspiracy to Import Controlled Substances
21 U.S.C. §§ 952(a), 960(a), (b)(1)(B)(ii) & (b)(3), and 963

Beginning on a date unknown, but not later than April 11, 2024, and continuing up to and until the return of this Indictment, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court,

**JAYSON CORDERO-CRUZ,**

the defendant herein, did knowingly and intentionally combine, conspire, confederate, and agree with diverse other persons, known and unknown to the Grand Jury, to commit an offense against the United States, that is to knowingly and intentionally import from the United States Virgin Islands, into the customs territory of the United States from any place outside thereof, but within the United States, in excess of (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance; and a mixture or substance containing a detectable amount of (N-phenyl-N-[1-(2-phenylethyl)-4- piperidinyl] propanamide), a Schedule II Narcotic Drug Controlled Substance. All in violation of 21 U.S.C. §§ 952(a), 960(a)(1), (b)(1)(B)(ii), (b)(3) and 963.

## COUNT THREE
**Conspiracy to Possess with Intent to Distribute Controlled Substances**
21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), & (b)(1)(C) and 846

Beginning on a date unknown, but not later than April 11, 2024, continuing up to and until the return of this Indictment, in the District of Puerto Rico, and within the jurisdiction of this Court,

**JAYSON CORDERO-CRUZ,**

the defendant herein, did knowingly and intentionally combine, conspire, confederate and agree with diverse other persons, known and unknown to the Grand Jury, to possess with intent to distribute and to distribute in excess of (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance; and a mixture or substance containing a detectable amount of (N-phenyl-N-[1-(2-phenylethyl)-4- piperidinyl] propanamide), a Schedule II Narcotic Drug Controlled Substance. All in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii), (b)(1)(C) and 846.

## COUNT FOUR
**Possession with Intent to Distribute Controlled Substances
Aboard a Vessel Subject to the Jurisdiction of the United States**
46 U.S.C. § 70503(a)(1) and 21 U.S.C. § 960(b)(1)(B)

On or about April 11, 2024, on the high seas, elsewhere, and within the extraterritorial jurisdiction of this Court,

**JAYSON CORDERO-CRUZ,**

the defendant herein, did knowingly and intentionally possess with intent to distribute and distributed five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance aboard a vessel subject to the jurisdiction of the United States. All in violation of 46 U.S.C. § 70503(a)(1), and 21 U.S.C. § 960(b)(1)(B).

## COUNT FIVE
**Possession with Intent to Distribute Controlled Substances
Aboard a Vessel Subject to the Jurisdiction of the United States**
46 U.S.C. § 70503(a)(1) and 21 U.S.C. § 960(b)(3)

On or about April 11, 2024, on the high seas, elsewhere, and within the extraterritorial jurisdiction of this Court,

**JAYSON CORDERO-CRUZ,**

the defendant herein, did knowingly and intentionally possess a mixture or substance containing a detectable amount of (N-phenyl-N-[1-(2-phenylethyl)-4- piperidinyl] propanamide), a Schedule II Narcotic Drug Controlled Substance, aboard a vessel subject to the jurisdiction of the United States. All in violation of 46 U.S.C. § 70503(a)(1) and 21 U.S.C. § 960(b)(3).

## COUNT SIX
**Importation of Controlled Substances**
21 U.S.C. §§ 952(a), 960(a) & (b)(1)(B)(ii) and 18 U.S.C. § 2

On or about April 11, 2024, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court,

**JAYSON CORDERO-CRUZ,**

the defendant herein, aided and abetted diverse other persons, known and unknown to the Grand Jury, knowingly and intentionally imported from the United States Virgin Islands, into the customs territory of the United States from any place outside thereof, but within the United States, five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance. All in violation 21 U.S.C. §§ 952(a), 960(a), 960(b)(1)(B)(ii) and 18 U.S.C. § 2.

**COUNT SEVEN**
**Importation of Controlled Substances**
21 U.S.C. §§ 952(a), 960(a), (b)(1)(B)(ii) & (b)(3) and 18 U.S.C. § 2

On or about April 11, 2024, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court,

**JAYSON CORDERO-CRUZ,**

the defendant herein, aided and abetted diverse other persons, known and unknown to the Grand Jury, knowingly and intentionally imported from the United States Virgin Islands, into the customs territory of the United States from any place outside thereof, but within the United States, a mixture or substance containing a detectable amount of (N-phenyl-N-[1-(2-phenylethyl)-4- piperidinyl] propanamide), a Schedule II Narcotic Drug Controlled Substance. All in violation 21 U.S.C. §§ 952(a), 960(a), 960(b)(3) and 18 U.S.C. § 2.

**COUNT EIGHT**
**Possession with Intent to Distribute Controlled Substances**
21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii)

On or about April 11, 2024, in the District of Puerto Rico, and within the jurisdiction of this Court,

**JAYSON CORDERO-CRUZ,**

the defendant herein, aided and abetted diverse other persons, known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute and to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance. All in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii), and 18 U.S.C. § 2.

## COUNT NINE
**Possession with Intent to Distribute Controlled Substances**
21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and (b)(1)(C)

On or about April 11, 2024, in the District of Puerto Rico, and within the jurisdiction of this Court,

**JAYSON CORDERO-CRUZ,**

the defendant herein, aided and abetted diverse other persons, known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute and to distribute a quantity of a mixture or substance containing a detectable amount of (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule II Narcotic Drug Controlled Substance. All in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2.

## COUNT TEN
**Failure to Heave**
18 U.S.C. § 2237(a)(1)

On or about April 11, 2024, in the District of Puerto Rico, and within the jurisdiction of this Court,

**JAYSON CORDERO-CRUZ,**

the defendant herein, while being a master, operator, or person in charge of a vessel subject to the jurisdiction of the United States, did knowingly and unlawfully fail to obey an order by an authorized Federal Law enforcement officer to heave that vessel. All in violation of 18 U.S.C. § 2237(a)(1).

## COUNT ELEVEN
### Possession by a Prohibited Person
### 18 U.S.C. 922(g)(1)

On or about July 12, 2024, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant,

**JAYSON CORDERO-CRUZ,**

knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce, ammunition, that is, one (1) live round of 7.62×39mm. All in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

## MARITIME DRUG LAW ENFORCEMENT FORFEITURE ALLEGATION
### 46 U.S.C. § 70507

1. The allegations in Counts One, Four, and Five of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 46 U.S.C. § 70507.

2. The United States gives notice to the Defendant charged in Counts One and Two of this Indictment that pursuant to 46 U.S.C. § 70507, upon conviction of those offenses alleged in those Counts, any property described in 21 U.S.C. § 881(a), that is used or intended for use to commit, or to facilitate the commission of, those offenses is subject to forfeiture.

## NARCOTICS FORFEITURE ALLEGATION
### 21 U.S.C. §§ 853 and 970

1. The allegations contained in Counts Two, Three, Six, Seven, Eight, and Nine of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. §§ 853 and 970.

2. Pursuant to 21 U.S.C. §§ 853 and 970, upon conviction of any of the offenses alleged in Counts Three through Six of this indictment, the defendants shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly,

as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

## FIREARMS FORFEITURE ALLEGATION
### 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c),

1. The allegations contained in Count Eleven are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2. Upon conviction of the offense in violation of 18 U.S.C. § 922(g)(1), as set forth in Count Eleven of this Indictment, Defendant shall forfeit to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the commission of the offense, including, but not limited to one (1) live round of 7.62×39mm.

All pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

W. Stephen Muldrow
United States Attorney

_____
Max Pérez-Bouret
Assistant United States Attorney, Chief
Transnational Organized Crime Section

_____
María L. Montañez-Concepción
Assistant U.S. Attorney, Deputy Chief
Transnational Organized Crime Section

_____
Jorge L. Matos
Assistant United States Attorney
Transnational Organized Crime Section

FOREPERSON

Date: July/24/2024